The decree is, therefore, correct and is affirmed.

---

St. Louis, Iron Mountain & Southern Railway Company *v.* Road Improvement District No. 1 of Jackson County.

Opinion delivered July 1, 1918.

1. Improvement district—appeal from assessment—railroad—name of property owner.—No error in the name of the owner, or in the description of property will invalidate the assessment of benefits, made under Act 338, p. 1400, Acts 1915, where property in a road district was assessed under the name of one railroad company, but had been bought and was owned by another company.

2. Improvement districts—roads—organization—assessments—who may appeal.—Where a road district is organized under Act 338, p. 1400, Acts of 1915, an appeal from an order fixing the assessment of benefits must be taken by the owner of the property to be effective thereby. Land in a district sought to be so organized had belonged to the S. railway company, but the property of the S. Ry. Co. had been purchased by the M. Rd. Co. *Held,* since the M. Rd. Co. was the owner of the property, it alone could appeal from an order assessing benefits; the S. Ry. is without right to appeal from the order, and where the S. Ry. Co. did attempt to appeal, it will avail the M. Rd. Co. nothing to be made a party to that proceeding.

Appeal from Jackson Circuit Court; *Dene H. Coleman,* Judge; affirmed.

*Troy Pace* and *Samp Jennings,* for appellant.

1. It was error to dismiss the appeal of the St. Louis, Iron Mountain & Southern Railway Company. It was the owner when the district was formed. The proper affidavit for appeal was filed in time. Acts 1915, § § 11, 25, 14, etc. The affidavit can be waived. 95 Ark. 148; 31 *Id.* 489.

2. The Missouri Pacific Railway Company was entitled to relief under its motion to be made a party. 106 Ark. 418; Kirby's Dig., § § 5976-5982, 6001; 80 Ark. 451; 51 S. W. 662; 10 S. W. 279; 21 Tex. C. C. A. 463; 10 Ky.

L. Rep. 174; 62 S. W. 938; 26 Tex. C. C. A. 148; 90 Ark. 514; 61 So. 39; 132 Ga. 829. See also *Coffman* v. *Road Dist.,* 134 Ark. 411.

*Gustave Jones,* for appellee.

1. No order of appeal was granted by the county court. 117 Ark. 292. No proper affidavit for appeal was made and filed. The St. Louis, Iron Mountain & Southern Railway Company was in the hands of a receiver. It was not the owner. Smith on Receivers (2 ed.), § 230, subd. 11; *Ib.,* § 231-C; 128 Ark. 448; Kirby's Dig., § 5999.

2. The application of the Missouri Pacific Railway Company came too late. 93 Ark. 609; 94 *Id.* 277; 47 *Id.* 411; 28 *Id.* 478. It did not appeal from the judgment in the county court.

STATEMENT OF FACTS.

On the 28th day of August, 1916, a petition was filed in the county court of Jackson County, asking for the organization of Road Improvement District No. 1 of Jackson County, Arkansas, for the purpose of constructing and improving the public roads in said county. On September 21, 1915, the county court heard the petition, and finding that the petitioners had in all respects complied with the statute, ordered the district established. The petition and the order establishing the district described about six miles of the right-of-way of the St. Louis, Iron Mountain & Southern Railway Company's main line of railroad as a part of the district. A board of assessors was appointed by the county court and said board made an assessment of benefits as required by the statute. The board of assessors described the railroad property in the district as belonging to the St. Louis, Iron Mountain & Southern Railway Company. Notice as required by the statute was published, fixing a time when the county court should hear and determine the justness of any assessment of benefit. On the 7th day of September, 1917, the county court confirmed the assessment of benefits made by the board of assessors of the district. The order recites that no one appeared or made objections to any of the assessments. On the 17th day of September,

1917, the St. Louis, Iron Mountain & Southern Railway Company by its attorney duly filed its affidavit and prayer for appeal from the judgment of the county court confirming the assessment of benefits made by the board of assessors. The affidavit for appeal states that the St. Louis, Iron Mountain & Southern Railway Company is the owner of the railroad property in the district against which the board of assessors made an assessment of benefits. The grounds of complaint on the part of the railway company are also stated in the petition. On the 25th day of February, 1918, the attorney for the road improvement district filed in the circuit court a motion to dismiss the appeal of the St. Louis, Iron Mountain & Southern Railway Company. On the 28th day of February, 1918, the Missouri Pacific Railroad Company filed a petition in the circuit court in which it stated that at the time the board of assessors made the assessment of benefits of the railroad property within the improvement district, that such property had been surrendered by the St. Louis, Iron Mountain & Southern Railway Company to it and had become the property of the Missouri Pacific Railroad Company. The prayer of the petition was that the Missouri Pacific Railroad Company be allowed to become a party defendant in the proceedings. The court overruled the motion on the same day and the Missouri Pacific Railroad Company prayed an appeal to the Supreme Court. On the 28th day of February, 1918, the motion of the road improvement district to dismiss the appeal of the St. Louis, Iron Mountain & Southern Rail-, way Company also came on to be heard in the circuit court and the court found that said railway company at the time it made and filed its affidavit for appeal was not the owner of any property in said road improvement district. It was therefore ordered and adjudged that the appeal of the St. Louis, Iron Mountain & Southern Railway Company be dismissed. Both railroad companies filed a motion for a new trial and have duly prosecuted an appeal to this court.

HART, J., (after stating the facts). The decision of the circuit court was correct. The road improvement

district in question was formed under Act 338 of the Acts of 1915. See Acts of 1915, page 1400. The provisions of the act were complied with in organizing the district. No complaint on that account is made. About six miles of the right-of-way and the property situated thereon of the St. Louis, Iron Mountain & Southern Railway Company were embraced within the limits of the improvement district.

Section 11 of the act provides that the board of assessors shall enter all lands embraced in the district upon the assessment books showing, if the property be a railroad, the name of the owner thereof, the supposed mileage in the district, the present assessed value of the railroad and other property belonging to the company and the amount of assessed benefits per mile, and the total amount of the benefits assessed against said railroad. But the section also provides that no error in the name of the owner or description of the property shall invalidate the assessment if sufficient description is given to identify the same.

Section 25 provides for collecting delinquent taxes in the improvement district. It provides that the board of commissioners shall institute proceedings in the chancery court to enforce the collection of delinquent taxes and that the judgment shall provide for the sale of the delinquent land by a commissioner. It further provides that said proceedings and judgment shall be in the nature of proceedings *in rem*, and that it shall be immaterial that the ownership of said land be incorrectly alleged in said proceedings; and that said judgment shall be enforced wholly against the land and not against any other property of the defendant.

Section 13 provides that the county court shall hear and determine the justness of the assessment of benefits made by the board of assessors and is authorized to equalize, lower or raise any assessment upon a proper showing to the court.

(1) Section 14 provides that the judgment of the county court at the hearing shall have all the force and effect of a judgment against all of the real property in

the district. It further provides that any owner of real property within the district may appeal from the judgment fixing the assessment of benefits, within ten days, by filing an affidavit for appeal and stating therein the special matters appealed from. Thus it will be seen that the proceedings are in the nature of proceedings *in rem*. The statute expressly provides that no error in the name of the owner or description of the property shall invalidate the assessment if sufficient description is given to identify the same.

(2) At the time the assessment was made in the present case, the record shows that the property did not belong to the St. Louis, Iron Mountain & Southern Railway Company. The statute in express terms provides that the appeal shall be taken by the owner of the real property to be affected thereby. Inasmuch as the St. Louis, Iron Mountain & Southern Railway Company did not own the property at the time the judgment confirming the assessment of the board of assessors was rendered by the county court, it did not have the right to appeal from that order. The appeal should have been made by the company owning the property at that time. Therefore, the circuit court properly dismissed the appeal of the St. Louis, Iron Mountain & Southern Railway Company.

The Missouri Pacific Railroad Company on the same day filed a petition asking to be made a party defendant to the proceedings on the ground that it was the owner of the property at the time the order of the county court confirming the assessment of the board of assessors was made. If it was the owner of the property at that time it had the right under the statute to file an affidavit and take an appeal from the order of the county court. Not having done so, it had no right to come into the circuit court and ask to be made a party there. It lost its right of appeal when it failed to file its affidavit therefor in the time and manner prescribed by the statute.

It follows that the judgment must be affirmed.